# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| JULIAN BRETT WATSON, | ) | |
| AIS #279414, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-223-RAH-KFP |
| | ) | |
| JOSEPH HEADLEY, Warden, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION AND ORDER

Julian Brett Watson pleaded guilty to murder in the Circuit Court of Autauga County, Alabama, on December 2, 2010, and was sentenced to twenty-five years' imprisonment. He did not appeal. More than ten years later, he filed a state postconviction petition, which the state courts rejected as time-barred. Now, some thirteen years after his conviction became final, Watson petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254.[1] (Doc. 1.)[2]

Watson raises four grounds for relief. Each rest on a single premise: that his appointed counsel was permitted to withdraw on November 7, 2010, and that the

---

[1] Watson named the State of Alabama as the respondent. The proper respondent in a habeas action brought by a prisoner in state custody is the state officer having custody of him. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). Warden Joseph Headley, together with the Attorney General of the State of Alabama, has answered on behalf of the State, and the Court refers to them collectively as the Respondents.

[2] Watson certified that he placed the petition in the prison mailing system on April 8, 2024. Under the prison mailbox rule, that is the operative filing date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The Clerk received and docketed the petition on April 10, 2024. Nothing turns on the two-day difference.

1

trial court nevertheless allowed him to plead guilty on December 2, 2010, and to be sentenced thereafter, without appointing new counsel. (Doc. 1 at 5–10.) The Respondents answer that the petition is untimely, unexhausted in part, and procedurally defaulted. (Doc. 13.)

The Court need address only the first of those defenses. The one-year limitations period of 28 U.S.C. § 2244(d) expired in 2012. The petition is therefore due to be denied and this action dismissed with prejudice.

## BACKGROUND

### A.  Conviction and Sentence

An Autauga County grand jury indicted Watson in August 2008 for the murder of David Lucht. (Doc. 13-1.) The circuit court appointed Bill Lewis to represent him. On October 20, 2010, Lewis moved to withdraw, citing a breakdown in the attorney-client relationship. (Doc. 1-4.) The circuit court granted the motion on November 7, 2010. (Doc. 1-6; Doc. 13-4.)

On December 2, 2010, Watson appeared in open court and, pursuant to a written plea agreement, pleaded guilty to murder. (Doc. 1-7; Doc. 1-8; Doc. 13-16.) Although the circuit court had previously granted Lewis's request to withdraw, Lewis was present at the plea hearing and represented Watson. (Doc. 13-16.) The plea colloquy forms bear both Watson and Lewis' signatures. (Doc. 13-5.) On March 10, 2011, the circuit court sentenced Watson to twenty-five years' imprisonment.[3] (Doc. 1-3.) Under the terms of his plea agreement, Watson did not pursue a direct appeal.

### B.  State Postconviction Proceedings

---

[3] The record reflects some inconsistency as to whether Watson was sentenced on March 10 or March 11, 2011. The state-court case action summary reflects a sentencing date of March 10, 2011, and the Court uses that date. The one-day difference is immaterial to the analysis that follows.

In June 2021—more than ten years after his sentencing—Watson filed a petition for postconviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.[4] (Doc. 1-11.) He alleged that trial counsel was ineffective for recommending a guilty plea rather than pursuing an imperfect self-defense theory at trial; that his plea was involuntary because counsel misadvised him about parole eligibility; and that he was without counsel between November 7 and December 2, 2010. (Doc. 13-6 at 4–14, 31–44.)

On February 8, 2023, the circuit court summarily denied the Rule 32 petition as barred by the one-year limitations period of Rule 32.2(c). (Doc. 13-6 at 65.) The Alabama Court of Criminal Appeals (ACCA) affirmed on October 27, 2023, holding among other things that Watson's ineffective assistance of counsel claims were time-barred and his denial-of-counsel claim had not been fairly raised below.[5] (Doc. 13-10.) That court overruled Watson's application for rehearing on December 1, 2023, and the Alabama Supreme Court denied the application for review on February 9, 2024. (Docs. 13-12, 13-14.) A certificate of judgment issued the same day. (Doc. 13-15.)

## C.  The Federal Petition

Watson placed the present petition in the prison mailing system on April 8, 2024. He asserts violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments, each grounded in the November 7, 2010, withdrawal of counsel and the December 2, 2010, plea that followed it.[6] (Doc. 1 at 5–10.) The Court ordered the Respondents

---

[4] Watson's Rule 32 petition bears a circuit clerk's file stamp of June 1, 2021, while the Respondents place the filing on June 11, 2021, and the state-court case action summary reflects a docketing date of December 15, 2021. These discrepancies are immaterial. By any of those dates, the Rule 32 petition was filed years after the expiration of the federal limitations period.

[5] The ACCA affirmed by unpublished memorandum. *Watson v. State*, No. CR-2023-0166 (Ala. Crim. App. Oct. 27, 2023) (mem.).

[6] Watson labels his fourth ground a violation of the "14th Amendment" and describes it as a deprivation of substantive due process. The Respondents variously describe the same claim as

to show cause why the writ should not issue. (Docs. 4, 11.) The Respondents answered on December 10, 2024, asserting the statute of limitations, among other defenses (doc. 13). The Court afforded Watson an opportunity to respond to the answer, and Watson filed submissions on January 23, 2025, and March 18, 2025. (Doc. 18; Doc. 20.)

## DISCUSSION

### A. AEDPA's One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year limitations period on applications for a writ of habeas corpus filed by persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The period is tolled while "a properly filed application for State post-conviction or other collateral review" is pending. *Id*. § 2244(d)(2). It may also be equitably tolled, *Holland v. Florida*, 560 U.S. 631, 645 (2010), and it may

---

arising under the Fifth and the "Fifteenth" Amendment. (Doc. 1 at 10; Doc. 13 at 7, 10, 12, 18.) The Court construes the pro se petition liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but the label makes no difference. Every ground rests on the same factual predicate and every ground is untimely.

be overcome by a credible showing of actual innocence, *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

The Respondents raised the limitations defense in their answer, and Watson has had notice and an opportunity to be heard on it. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

### B.  The Petition Is Untimely Under § 2244(d)(1)(A)

Watson did not directly appeal his state court conviction. For a defendant who does not seek review in the state's highest court, the judgment becomes final "on the date that the time for seeking such review expires." *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012). In Alabama, a defendant has forty-two days from sentencing to file a notice of appeal. Ala. R. App. P. 4(b)(1).

Watson was sentenced on March 10, 2011. His time to appeal expired forty-two days later, on April 21, 2011, and his conviction became final that day.[7] The AEDPA clock began running on April 22, 2011, and, absent tolling, expired one year later—on or about April 23, 2012. *See* Fed. R. Civ. P. 6(a); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008).

Watson filed this petition on April 8, 2024, nearly twelve years after the limitations period expired. The petition is untimely on its face.

---

[7]The Respondents assert that Watson's conviction became final on June 9, 2011, apparently by adding ninety days—the period for seeking certiorari in the United States Supreme Court—to his sentencing date. (Doc. 13 at 3 n.2.) That is not correct. The ninety-day certiorari period is added only where the petitioner has pursued direct review through the state's highest court. Where he has not, the judgment becomes final when the time for seeking such review expires. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *Pugh v. Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006). Because Watson took no appeal at all, finality attached when his forty-two days to file a notice of appeal ran. The error is of no consequence because: under either date, the limitations period expired in 2012, roughly twelve years before Watson came to federal court.

### C. No Later Trigger Date Applies

Nothing in the record supports a later start date under § 2244(d)(1)(B), (C), or (D). Watson identifies no state-created impediment to filing, and he relies on no constitutional right newly recognized by the Supreme Court and made retroactive on collateral review.

Subsection (D) fares no better. The factual predicate of every claim Watson raises—that counsel withdrew on November 7, 2010, and that he pleaded guilty on December 2, 2010, and was sentenced in March 2011 without new counsel having been appointed—was known to him, or could have been discovered through the exercise of due diligence, no later than the date of his sentencing. Watson was present in the courtroom. Section 2244(d)(1)(D) starts the clock when the factual predicate could have been discovered, not when a petitioner appreciates its legal significance. *See Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1155 (11th Cir. 2014). Subsection (A) therefore supplies the operative date.

### D. Statutory Tolling Does Not Save the Petition

Watson's untimely filed Rule 32 petition does not rescue his federal filing for two independent reasons.

First, there was nothing left to toll. The limitations period expired in April 2012. Watson did not file his Rule 32 petition until 2021. A state postconviction application filed after the federal limitations period has already run does not revive it. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state petition filed after the limitations period has expired "cannot toll that period because there is no period remaining to be tolled*"); accord Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001); *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004).

Second, the Rule 32 petition was not "properly filed" within the meaning of § 2244(d)(2). The state circuit court dismissed it as untimely under Rule 32.2(c), and the ACCA affirmed on that basis. A state postconviction petition rejected by the state

6

courts as untimely is not "properly filed," and it tolls nothing. *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005); *Allen v. Siebert*, 552 U.S. 3, 7 (2007) (per curiam) (so holding as to a petition dismissed as untimely under Alabama Rule 32.2(c)). Watson is entitled to no statutory tolling.

### E.  Watson Is Not Entitled to Equitable Tolling

Equitable tolling is available only to a petitioner who shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (quotation omitted). The petitioner bears the burden of establishing both elements, *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011), and the remedy is applied sparingly, *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017).

Watson makes no attempt to carry that burden. He has offered no satisfactory explanation for the decade that elapsed between his sentencing and his first postconviction filing, or for the thirteen years that elapsed before he came to federal court.

Neither pro se status nor unfamiliarity with the law is an extraordinary circumstance. *See Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005); *Johnson v. United States*, 544 U.S. 295, 311 (2005) ("we have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"). And a petitioner who waits a decade to seek any relief at all has not pursued his rights diligently. Accordingly, equitable tolling is unwarranted.

### F.  The Actual-Innocence Exception Does Not Apply

A credible showing of actual innocence may serve as a gateway through an expired limitations period. *McQuiggin*, 569 U.S. at 386. But the gateway is narrow. The petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—

that was not presented at trial," and must show that, in light of that evidence, no reasonable juror would have voted to convict. *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995); *see McQuiggin*, 569 U.S. at 386, 401 (the standard is "demanding" and satisfied only in the "rare" case).

Watson presents no new evidence of any kind. He asserts instead that his plea and sentence are "illegal" because he was without counsel of record[8] when he entered the plea. That is a claim of legal error, not of factual innocence, and it does not open the *Schlup* gateway. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency."); *Rozzelle v. Sec'y., Fla. Dep't of Corr.,* 672 F.3d 1000, 1011 (11th Cir. 2012). His passing suggestion that the discovery contained evidence supporting mitigation— evidence he says counsel failed to pursue—is neither new nor exculpatory of the offense of conviction.

The petition is time-barred, and no exception applies.[9]

\* \* \*

Rule 11(a) of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A certificate may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the Court denies relief on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim

---

[8] The record is clear that Watson was represented by counsel at his plea hearing.

[9] Because the petition is barred by the statute of limitations, the Court does not reach the Respondents' alternative arguments that certain claims are unexhausted, that the petition is a "mixed" one subject to dismissal under *Rose v. Lundy*, 455 U.S. 509 (1982), or that all four claims are procedurally defaulted under *Coleman v. Thompson*, 501 U.S. 722 (1991).

of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Watson cannot make that showing. Reasonable jurists could not debate that his petition, filed nearly twelve years after the limitations period expired, is untimely and that no basis for tolling exists. To the extent Watson may seek it, a certificate of appealability is due to be denied.

**CONCLUSION**

For the foregoing reasons, it is **ORDERED** as follows:

1.      The petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) is **DENIED**;

2.      This action is **DISMISSED** with prejudice as barred by the statute of limitations set out in 28 U.S.C. § 2244(d); and,

3.      A certificate of appealability is **DENIED**.

A separate Final Judgment will issue.

**DONE** and **ORDERED** on this the 5th day of August 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE